Honorable Vic Downing Representative, District 162 Room 303, State Capitol Building Jefferson City, Missouri 65101
Dear Representative Downing:
This is in response to your request for an opinion on the following question:
 "Can a special school district which is authorized to set an initial tax of twenty-five cents on each one hundred dollars assessed valuation as provided in Section 192.920, V.A.M.S. increase such tax rate not to exceed sixty-five cents on the one hundred dollars valuation without voter approval?"
Whether special school districts have the authority to levy, without voter approval, the maximum tax rates established in Article X, Section11(b) of the Missouri Constitution depends upon whether special school districts constitute "school districts" within the meaning of Article X, Section 11, and whether the legislature has authorized special school districts to levy taxes at the rates provided therein.
Article X, Section 11(a) of the Missouri Constitution authorizes political subdivisions of the state to levy taxes on property subject to their taxing power. Section 11(b) establishes the maximum tax rate that may be levied by municipalities, counties, and school districts without voter approval; Section 11(c) permits voters to approve tax rates in excess of the maximums provided in Section 11(b).
In 1973, the General Assembly enacted a comprehensive statutory scheme to make special educational services for handicapped and severely handicapped children an integral part of the Missouri system of gratuitous instruction. Section 162.670, RSMo Supp. 1973; Article IX, Section 1(a), Missouri Constitution. Sections 162.815
and 162.820, RSMo Supp. 1973, authorize the creation of special school districts and the continuation of those formed under preexisting laws. Section 162.875, RSMo Supp. 1973, describes the powers of special school districts as follows:
 "When the new district is organized, it shall be a body corporate and political subdivision of the state and shall be known as `The Special District of _________' (a name selected by the governing board) and, in that name, may sue and be sued, levy and collect taxes within the limitations of the constitution of Missouri and section 162.920, issue bonds and possess the same corporate powers as six-director school districts, other than urban districts. All constitutional provisions and laws applicable to the organization and government of six-director school districts, other than urban districts, are applicable to districts organized prior to the passage of sections 162.670 to 162.995."
Based upon the foregoing constitutional and statutory provisions, it is the opinion of this office that special school districts constitute "school districts" within the meaning of Article X, Section 11 of the Missouri Constitution. The legislature has defined them as "bodies corporate and political subdivisions of the state," and has expressly granted special school districts the authority to "levy and collect taxes." Further support for this conclusion is found in Three Rivers Junior College District of Poplar Bluff v. Statler,421 S.W.2d 235 (Mo.Banc 1967), wherein the Missouri Supreme Court held that junior college districts formed pursuant to Chapter 178 constitute "school districts" within the meaning of the Missouri Constitution.
We must next determine whether Article X, Section 11 confers constitutional authority upon school districts to levy taxes, without voter approval, at any rate up to the limits provided therein, or whether it establishes only a maximum rate that is subject to further limitation by the legislature. Section 11(b) provides, in pertinent part, as follows:
 "Any tax imposed upon such property by municipalities, counties or school districts, for their respective purposes, shall not exceed the following annual rates:
* * *
 For all other school districts — sixty-five cents on the hundred dollars assessed valuation."
This provision must be harmonized with Article X, Section 1 of the Missouri Constitution which provides as follows:
 "The taxing power may be exercised by the general assembly for state purposes, and by counties and other political subdivisions under power granted to them by the general assembly for county, municipal and other corporate purposes." (Emphasis added)
Missouri courts have interpreted Article X, Section 11 of the Missouri Constitution to impose a limit upon both the political subdivisions and the General Assembly by restricting the rate by which taxes can be levied without voter approval. For example, in Stateex rel. Emerson v. City of Mound City, 73 S.W.2d 1017 (Mo.Banc 1934), the court stated as follows:
 ". . . The power to levy and collect taxes is a legislative power (61 C. J. 552 and 554) vested by the Constitution in the General Assembly, popularly called the Legislature. The state Constitution, other than vesting all legislative power in the Legislature, only limits the taxing power which the Legislature may vest in municipal corporations as branches of the sovereign governing power. Cities and like municipal corporations have no inherent power to levy and collect taxes, but derive their powers in that respect from the lawmaking power. . . . The Constitution, being the supreme law, may and does impose restrictions and limitations on this legislative power, binding alike on the Legislature, the courts, and on municipal corporations. . . .
 ". . . [Article X, Section 11 of the Missouri Constitution] conferred upon a city no power to tax, that such power is derived `from the acts of the General Assembly, and not directly from the constitutional provision we are considering.'. . .
 "The Legislature has power to still further reduce and to restrict the rates of taxation specified as maximum rates by section 11, article 10, but not to increase same in any manner or for any purpose. . ." Id. at 1025-1026.
In another case, Brooks v. Schultz, 178 Mo. 222 (Banc 1903), the court considered an argument that Article X, Section 11 of the Missouri Constitution confers upon counties, school districts, cities, and towns the authority to levy taxes to the limits specified in the Constitution and that such authority could be exercised independent of legislation. In rejecting this argument, the court stated as follows:
 "That is a misconception of that section. There is no language therein which is susceptible of the meaning that governmental power is conferred on counties, school districts, and municipal corporations independent of the Legislature. The first sentence in the section only points out the character of property subject to taxation, and lays a restriction in the matter of assessing its value. All the rest of the section is negative in form, and is, in effect, a declaration that, beyond a certain limit, taxation shall not go. The provisos, though in form permissive, are but exceptions to the restrictions which they follow." Id. at 227.
This conclusion finds additional support in Section 11(c) of Article X, which reads in part as follows:
 ". . . and provided, that the rates herein fixed, and the amounts by which they may be increased may be further limited by law; . . ." (Emphasis added)
The above reference to "rates herein fixed" can only refer to the maximum rates established in Section 11(b). Thus, it is the opinion of this office that Article X, Section 11 of the Missouri Constitution does not authorize special school districts to levy taxes at the rate of sixty-five cents per one hundred dollars assessed valuation without voter approval.
Therefore, we must next determine whether the legislature has authorized special school districts to levy taxes at the maximum rates established in Article X, Section 11(b) of the Missouri Constitution. Section 162.920(1), RSMo Supp. 1973, provides as follows:
 "The initial tax imposed on property subject to the taxing power of a special school district under article X, section 11(a) of the Constitution of Missouri shall not exceed the annual rate of twenty-five cents on each hundred dollars assessed valuation, which tax rate shall be used for the district's programs for the education and training of handicapped and severely handicapped children and for vocational education as provided by sections 162.670 to 162.995."
The foregoing provision does not authorize special school districts to levy taxes at the maximum rates provided in the Missouri Constitution; to the contrary, subsection 1 establishes a maximum rate of twenty-five cents per one hundred dollars assessed valuation.
The only remaining question is the effect of Section 162.920(2), RSMo Supp. 1973, which provides:
 "Increases in the tax rate may be made with voter approval in the same manner as provided in chapter 164, RSMo, for other school districts."
As you note in your opinion request, Chapter 164 establishes the procedure by which school districts may increase tax levies beyond the maximum limits provided in Article X, Section 11(b) of the Missouri Constitution.
Political subdivisions have no inherent authority to levy taxes, and they possess only those powers explicitly granted by the Constitution or statutes. As the Missouri Supreme Court stated in Stateex rel. Emerson v. City of Mound City, supra at 1025:
 ". . . `. . . It [the power to tax] should never be left to implication unless it be a necessary implication. The grant relied upon must be evident and unmistakable, and all doubts will be resolved against its exercise, and in favor of the taxpayer.'. . ."
We must conclude, therefore, that reference to Chapter 164 does not authorize special school districts to levy taxes at the maximum rate provided in Article X, Section 11 of the Missouri Constitution without voter approval. Section 162.920(2), RSMo Supp. 1973, incorporates only the procedures available in Chapter 164 for increasing tax levies by popular vote.
CONCLUSION
It is the opinion of this office that Article X, Section 11 of the Missouri Constitution does not authorize special school districts to levy taxes at the rates established therein absent legislation conferring upon special school districts that authority. Section 162.920, RSMo Supp. 1973, establishes twenty-five cents per one hundred dollars assessed valuation as the maximum tax levy that special school districts may assess without voter approval. That rate may be increased with voter approval in the manner provided in Chapter 164, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Karen M. Iverson.
Yours very truly,
 JOHN C. DANFORTH Attorney General