BROOKS, Appellant, v. SCHULTZ, Collector.

**In Banc, December 9, 1903.**

1. **Taxation: LIBRARY TAX.** A city which has levied the maximum tax permitted by the Constitution for general revenue purposes can not levy an additional tax of two mills for library purposes. Nor can the Legislature give it power to exceed the maximum rate provided by the Constitution for cities of its class.

2. ———: ———: SCHOOL TAX. A public library is not a "public school" in the sense that those words are used in the Constitution.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Frank E. Burrough* for appellant.

(1) The limitations upon the power of municipal taxation in section 11, article 10, Constitution, are absolute and cover all taxes of every kind and description, and these limitations are self-enforcing. Arnold v. Hawkins, 95 Mo. 569; Black v. McGonicle, 103 Mo. 192; Barnard v. Knox County, 105 Mo. 382; State ex rel. v. Columbia, 111 Mo. 365. (2) Under section 12, the tax levy may be increased to pay interest and create a twenty-year sinking fund on an indebtedness up to five per cent of the assessed valuation; but only when authorized by a vote of a two-thirds majority of the voters voting at said election for that purpose. This is the extreme limit of constitutional taxation. Lamar Co. v. Lamar, 128 Mo. 188; Water Co. v. Aurora, 129 Mo. 540; Water Co. v. Lamar, 140 Mo. 145; State ex rel. v. Railroad, 164 Mo. 208; Lexington v. Lafayette Bank, 165 Mo. 671. (3) An indebtedness is an unconditional

promise to pay a fixed sum at a specified time.   Saline v. Neosho, 127 Mo. 627.   (4)  In all cases where tax levies in excess of the limitations prescribed in section 11 have been sustained, two important conditions existed:   First, there was the creation of an indebtedness; second, the indebtedness was authorized by a two-thirds vote.   Both these features are absent from the case at bar.

*R. B. Oliver* and *B. F. Davis* for respondent.

(1)   Our contention is that, in addition to the taxes so authorized to be levied *ex proprio vigore* by the Constitution by the various counties, cities and towns of the State organized and in existence or to be organized under section 11, article 10, under section 1 and section 10, article 10 the General Assembly by general law may vest in the corporate authorities of such counties, cities and towns power to collect taxes for municipal purposes in addition.   By section 1, article 10, the taxing power granted by the General Assembly for all purposes is unlimited.   Viewing section 11 from this standpoint, the words of said section, "the rate herein allowed to each city," can not apply to this library tax:  First. Because this library tax is levied under a law of the General Assembly vesting in the corporate authorities of the city a power to assess this tax in direct words. R. S. 1899, sec. 6466; Laws 1901, p. 84.  Second.  Because the tax is levied under authority of section 10 as well as under authority of section 1 of article 10 of the Constitution.  Third.  Because the words of section 11, "the rate herein allowed to each city," only relate to such taxes as are levied under such section and not to taxes levied by authority of the General Assembly under section 10 or section 1.  Fourth. Because to hold that no additional taxes could be authorized to be levied for any other purposes than that specified in section 11, article 10, would render void and absurd section 10, article 10.  Fifth.  Because no words are to be found

in section 11, or anywhere else in the Constitution, directly prohibiting any other tax that may be authorized by the General Assembly to be levied. The words of said section, "Said restriction as to rates shall apply to taxes of every kind and description, whether general or special," can only relate to such taxes as may be levied by virtue of said section 11, article 10, and directly authorized by the Constitution and not requiring any legislative authority. The words, "Said restriction as to rates shall apply to taxes of every kind and description whether general or special," can only mean that no general or special taxes exceeding in amount the amount specified in that section, can be levied without a direct authority of the General Assembly conferred as provided in section 10. (2) But even should the court hold that sections 11 and 12 of article 10 are absolute limitations of the power of the General Assembly as contained in sections 1 and 10 of article 10, still we maintain that the library tax levy can be sustained under the power given in said section 11 to increase the tax levy for school purposes, by a majority vote in districts formed of cities and towns, the amount not to exceed one dollar on the one hundred dollars valuation. The tax at issue is levied to maintain and support a free public library, and a library is a modern educational institution, and an educational institution is a school; therefore, a tax levied for a library is a tax levied for school purposes and there is no doubt that under said section 11 a tax not to exceed one dollar on the one hundred dollars valuation may be levied by a majority vote.

VALLIANT, J.—In September, 1902, Mr. and Mrs. Louis Houck of Cape Girardeau, offered to establish at their own expense in that city, a free public library, and to that end to donate to the city a certain lot, and to erect thereon a library building and equip it with furniture and books at a cost, exclusive of the value of

the lot, of not less than $30,000, on condition that the city should levy annually a tax of two mills on the dollar valuation of taxable property in its jurisdiction, for the support of the library. The proposition was accepted by the city authorities who, acting as directed in section 6466, Revised Statutes 1899, caused an election to be held, at which a majority, but not two-thirds, of the votes cast were in favor of levying the proposed tax. The tax of two mills on the dollar was accordingly levied for this purpose. That levy was in addition to a tax of fifty cents on the hundred dollars imposed by the city authorities for general revenue purposes. Cape Girardeau has a population of 6,000, and is a city of the third class.

The plaintiff in this suit, who is a resident of that city, owning taxable property therein, payed the tax of fifty cents per hundred dollars, levied for general revenue, but refused to pay the two-mill tax for library purpose, whereupon the defendant, who is the city tax collector, seized certain personal property of the plaintiff with intent to sell the same to pay the library tax. The plaintiff, by this suit in replevin, took the property out of the tax collector's hands. At the trial it was conceded and is now conceded that the plaintiff was not entitled to recover if the tax was valid. The court held the tax to be valid, and rendered judgment for the defendant, from which judgment the plaintiff appeals.

Section 6466, Revised Statutes 1899, amended by the Act of March 9, 1901 (Laws 1901, p. 84), confers upon cities of this class authority to levy a tax of two mills on the dollar valuation of taxable property in its jurisdiction for the special purpose of establishing and maintaining a free public library, upon the conditions and in the manner provided in that section. The tax in question was levied in conformity with the requirements of that statute and it is conceded to be valid if it is not beyond the limit of taxation prescribed by the Constitution.

Section 11 of article 10 of our Constitution ordains that "taxes for county, city, town and school purposes may be levied on all subjects and objects of taxation; but the valuation of property therefor shall not exceed the valuation of the same property in such town, city or school district for State and county purposes. . . . For city and town purposes the annual rate on property . . . in cities and towns having less than ten thousand and more than one thousand inhabitants, . . . shall not exceed fifty cents on the hundred dollars valuation." Then follow provisions limiting the rate of taxation for school purposes, but prescribing that that rate may be increased when a majority of the voters who are taxpayers, at an election, assent thereto. And that the rate for county or city may be increased to raise a fund to erect public buildings, when two-thirds of the qualified voters vote therefor.

That clause of the section above quoted limits the power of the city literally only in the matter of levying taxes for city purposes, that is, for general revenue. It does not in express words forbid the levying of additional taxes for a public library; it leaves fair room for the contention now made by the learned counsel for respondent, that whilst the city can not go beyond the limit there named for its general revenue, it may, if the Legislature so authorizes, levy a special tax for a purpose local to the city, but not for city purposes, that is, not for general revenue to carry on the city government. We would incline to that interpretation if it were not for the concluding clause of the same section, which is: "Said restrictions as to rates shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now existing, or bonds which may be issued in renewal of such indebtedness." That clause was intended to prevent the interpretation now attempted to be put upon the preceding clause, and to declare that the power of the city to levy taxes for any purpose whatsoever was limited to fifty

cents on the hundred dollars valuation of taxable property, except as therein or elsewhere in the Constitution authorized. It is not suggested that the particular tax in question is within the purview of any other clause or section of the Constitution authorizing taxation.

It is contended on behalf of respondent that section 11 of article 10, just quoted, is not a limitation on the power of the General Assembly, but only on that of the county, school district or municipal corporation, and as to them only a limitation on the power of taxation by that section conferred upon them. The proposition is that section 11 of article 10 confers directly on counties, school districts, cities and towns, authority to levy taxes to the limit therein specified; that that authority they may exercise independent of the will of the General Assembly, and that in addition thereto, they may impose such taxes as the General Assembly may authorize.

That is a misconception of that section. There is no language therein which is susceptible of the meaning that governmental power is conferred on counties, school districts and municipal corporations independent of the Legislature. The first sentence in the section only points out the character of property subject to taxation, and lays a restriction in the matter of assessing its value; all the rest of the section is negative in form and is in effect a declaration that beyond a certain limit, taxation shall not go; the provisos, though in form permissive, are but exceptions to the restrictions which they follow.

Section 1 of article 10 declares: "The taxing power may be exercised by the General Assembly for State purposes, and by counties and other municipal corporations, under authority granted to them by the General Assembly, for county and other corporate purposes."

Section 10 of article 10 is: "The General Assembly shall not impose taxes upon counties, cities, towns or other municipal corporations, or upon the inhabitants

or property thereof, for county, city, town or other municipal purposes but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

Then follows in immediate connections, section 11 which we have above discussed. The three sections read together mean that the General Assembly may authorize such corporations to levy taxes within the limits specified, but not beyond the limit unless otherwise in the Constitution specified.

In the case before us, the city had already levied a tax of fifty cents on the hundred dollars valuation of taxable property in its jurisdiction; that was the limit of its taxing power, and therefore this special tax of two mills on the dollar for library purposes is illegal, unless it can be brought, as respondent seeks to bring it, within the exception which authorizes, under given circumstances, an increase in the rate of taxation for school purposes.

The city has not proceeded in this matter in the capacity of a school district, nor has it asked the people in a school district to vote on the proposition to increase the taxes to support the public schools in the city. There is no suggestion of that purpose in the record. The school purposes mentioned in section 11 of article 10 of the Constitution, are purposes of the public schools required to be established by article 11 of the Constitution, not all purposes that may be educational in their character.

A public library is an educational institution, but it is not a public school in the common sense of that term, nor in the sense in which it is used in our Constitution. This tax can not be sustained on that ground.

The tax is illegal, and the plaintiff was entitled to recover. The judgment is reversed and the cause remanded to be retried according to the law as herein expressed.

All concur.