## THOMPSON *et al.* v. REARICK.

### No. 3336.  Opinion Filed June 11, 1912.

### (124 Pac. 951.)

**HIGHWAYS—Taxation—Constitutional and Statutory Provisions.** An act entitled "An act to provide for the voluntary formation of road districts, for the improvement of public highways therein, and authorizing the issuance of bonds; repealing all laws conflicting with the provisions of this act, and declaring an emergency" (chapter 124, pp. 271, 280, Sess. Laws 1910-11), **held** to be repugnant to section 9, art. 10, of the Constitution.

    (a)  On account of the limitations of said section 9, art. 10, of the Constitution, such road district as is provided for in said act may not levy and collect an **ad valorem** tax to pay interest on, or create a sinking fund for the payment of, road bonds to be issued by such district.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*
*J. T. Johnson, Judge.*

Action between Clyde Thompson and others and R. P. Rearick. From the judgment, Thompson and others bring error. Affirmed.

*I. H. Kerr, C. H. Carswell, C. B. Case,* and *McKnight & Heskett,* for plaintiffs in error.

*A. J. Morris,* for defendant in error.

WILLIAMS, J.  The following questions are raised in this case:  That a certain act entitled "An act to provide for the vol-

untary formation of road districts, for the improvement of public highways therein, and authorizing the issuance of bonds; repealing all laws conflicting with the provisions of this act, and declaring an emergency," approved March 22, 1911 (chapter 124, pp. 271, 280, Sess. Laws 1910-1911), is repugnant to the Constitution of this state as follows: (1) That it violates section 9, art. 10, in providing for an *ad valorem* tax by a subdivision therein prohibited. (2) That it violates section 7, art. 10, in that it seeks to impose burdens upon lands that may not be benefited by the road improvements. (3) That it violates section 24, art. 2, in that it damages or takes private property without just compensation. (4) That it violates section 1, art. 16, of the Constitution in delegating powers to certain local officers to fix the boundaries of road· improvement districts, which are expressly lodged by said section in the Legislature. (5) That it violates section 7, art. 2, of the Constitution, in that no due process of law is afforded to ·the parties to be affected by such road improvement districts; It is essential only, in order to dispose of this proceeding, to pass on the first question.

Section 9 of article 10 provides:

"Except as herein otherwise provided, the total taxes, on an *ad valorem* basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year thirty-one and one-half mills on the dollar, to be divided as follows:    State levy, not more than three and one-half mills; county levy, not more than eight mills: Provided, that any county may levy not exceeding two mills additional for county high school and aid to the common schools of the county, not over one mill of which shall be for such high school, and the aid to such common schools shall be apportioned as provided by law; township levy, not more than five mills; city or town levy, not more than ten mills; school district levy, not more than five mills on the dollar for school district purposes, for support of common school: Provided, that the aforesaid annual rate for school purposes may be increased by any school district by an amount not to exceed ten mills on the dollar valuation, on condition that a majority of the voters thereof voting at an election, vote for said increase."

It will be observed that it is therein provided, with two exceptions, that *the total taxes, on an ad valorem basis, for all*

*purposes, to wit, state, county, township, city or town, or school district taxes, shall not exceed in any one year thirty- one and one-half mills on the dollar.* The exceptions relate to county levies for schools not to exceed two mills, and an additional ten mills to be levied by school districts, when voted for by the electors of such district.

Section 9 is a limitation and not a grant of power; the limitation applying not only to the Legislature, but also to the counties, townships, cities or towns, and school districts. *Brooks v. Schultz,* 178 Mo. 222, 77 S. W. 861.

Section 2, art. 17, of the Constitution, is as follows:

"There are hereby created, subject to change by the Legislature, in and for each organized county of this state, the offices of judge of the county court, county attorney, clerk of the district court, county clerk, sheriff, county treasurer, register of deeds, county surveyor, superintendent of public instruction, three county commissioners, and such municipal township officers as are now provided for under the laws of the territory of Oklahoma, except as in this Constitution otherwise provided."

Section 26, art. 10, of the Constitution, is as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to con-. stitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

The act here under consideration contemplates the creation of a political corporation or subdivision of the state other than

counties, cities, towns, townships, or school districts, and which is not the successor of any of said subdivisions. That being so, it is not permissible to levy any tax on an *ad valorem* basis for such subdivision. The township officers, or the name of the political subdivision denominated as a township, may be changed by the Legislature, but such subdivision, as changed, would become the successor to such township or political subdivision. This was contemplated by the use of the term, "or other political corporation, or subdivision of the state." Such would also be the case as to a county, city or town, township, or school district political subdivision, which may be changed by the Legislature and divided into classes, and the limitations in section 9 would also apply to such subdivisions taking the place of the political subdivisions enumerated in said section 9, being a subdivision of the same kind—*ejusdem generis. Maben v. Rosser et al.*, 24 Okla. 588, 103 Pac. 674. If this were not true, said section 9 would not in fact operate as a limitation on taxation on an *ad valorem* basis, for the Legislature, by creating road districts, health districts, and other subdivisions in the exercise of police power, could avoid the limitations on an *ad valorem* basis imposed by said section 9.

We take it that said section 9 means just exactly what it says; that, except as herein otherwise provided, the total taxes, on an *ad valorem* basis for all purposes, shall not exceed in any one year thirty-one and one-half mills on the dollar, with the two exceptions therein enumerated. It may be urged that this does not give effect to the phrase, "except as herein otherwise provided."

Section 10 of article 10 provides:

"For the purpose of erecting public buildings in counties, cities, or school districts, the rates of taxation herein limited, may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such election, shall vote therefor: Provided, that such increase shall not exceed five mills on the dollar of the assessed value of the taxable property in such county, city, or school district."

Section 36, art. 5, which provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever"

—has no application whatever to section 9, art. 10, as that section is a limitation and not a grant of power; but said section 36 does apply to section 1, art. 16, as that is a grant of power, and for that reason we hold that counties and townships may issue bonds within the limitations prescribed by section 26, art. 10, to aid in the construction of highways.

Section 1, art. 16, of the Constitution provides:

"The Legislature is directed to establish a Department of Highways, and shall have power to create improvement districts and provide for building and maintaining public roads, and may provide for the utilization of convict and punitive labor thereon."

It has been held by this court in *Riley v. Carico et al.,* 27 Okla. 33, 110 Pac. 738, that said section was correlative to section 3 of the same article, which provides:

"The Legislature shall have power and shall provide for a system of levees, drains, and ditches and of irrigation in this state when deemed expedient, and provide for a system of taxation on the lands affected or benefited by such levees, drains and ditches and irrigation, or on crops produced on such land, to discharge such bonded indebtedness or expenses necessarily incurred in the establishment of such improvements; and to provide for compulsory issuance of bonds by the owners or lessees of the lands benefited or affected by such levees, drains and ditches or irrigation."

It was also held in said case that the word "tax," as applied to general taxation, which would include an *ad valorem* taxation, does not include an assessment for benefits under section 3, art. 16. Obviously the bonds authorized to be issued under said section 3 must be issued solely on the benefit plan.

Section 1 appears to be a special grant of authority to create improvement districts and to provide for building and maintaining public roads and to authorize the utilization of convict and punitive labor thereon. If this section contemplates, by the manner therein proposed, the building of such roads, other than on

the benefit plan, then there would be no limitation on the levying of taxes on an *ad valorem* basis for such purposes. Such a construction would not be within the spirit of, and in harmony with, section 9, art. 10.

It was the intention of the Legislature to provide for the establishment of a department of highways and the creation of improvement districts for the building and maintaining of public roads on the benefit plan. However, this was not exclusive and would not prevent the county or township from issuing bonds within the limitation of section 26, art. 10, to aid in the construction of public highways.

It follows that the act here under consideration is repugnant to section 9 of article 10 of the Constitution, and of no effect.

The judgment of the lower court is affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.