## CHICAGO, R. I. & P. RY. CO. v. LANE, County Treasurer.

No. 7377.—Opinion Filed May 15, 1917.

Rehearing Denied Feb. 12, 1918.

(170 Pac. 502.)

**1. Schools and School Districts—Separate Schools — "Common Schools."**

Separate schools are a part of the "common schools" or the system of free public schools of the state.

**2 Same — Taxation — Aid for Separate Schools.**

Counties levying taxes for county purposes, including a levy for separate schools under section 7376, Rev. Laws 1910, as amended by Act May 15, 1913, Laws 1913, c. 195, may add to the maximum levy fixed by the statute for county purposes, all or any part of the one mill additional authorized in the aid of common schools for the support of separate schools.

(Syllabus by West, C.)

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by the Chicago, Rock Island & Pacific Railway Company against D. G. Lane. County Treasurer of Le Flore County, Okla. Judgment for defendant, and plaintiff brings error. Affirmed.

C. O. Blake, J. G. Gamble, and T. T. Varner, for plaintiff in error.

R. P. White, for defendant in error.

Opinion by WEST, . This is an action by plaintiff in error, who will hereafter be styled "plaintiff," against D. G. Lane, county treasurer Le Flore county, defendant in error, who will hereinafter be styled "defendant," commenced in the district court of Le Flore county, to recover alleged illegal, excessive taxes paid to the defendant under duress and protest. The petition of plaintiff alleged that the taxable property of Le Flore county was in excess of $12,000,000, and that the county excise board made a levy for current expenses for said county the same being upon estimate furnished by the county commissioners of 4.34 mills which included a levy for separate schools, and that said levy exceeded the limit fixed

by the laws of Oklahoma to the extent of .34 mills, and that upon the property of plaintiff there was paid the sum of $237.79 illegal taxes under said excessive levy, to which petition the defendant filed a general demurrer.

The court sustained said demurrer, which action of the court is presented here for review, and raises the question as to what limitation is placed on counties in levying taxes for county purposes including a levy for support of separate schools.

Section 5, art. 1, of the Constitution provides:

"Provisions shall be made for the establishment and maintenance of a system of public schools, which shall be open to all the children of the state and free from sectarian control; and said schools shall always be conducted in English: Provided, that nothing herein shall preclude the teaching of other languages in said public schools: And provided, further, that this shall not be construed to prevent the establishment and maintenance of separate schools for white and colored children."

Section 3, art. 13, of Williams' Constitution provides:

"Separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained."

It is apparent that the burden of maintaining separate schools under the provisions of the section of the Constitution, supra, was not placed upon the state, but it did impose upon the Legislature the duty of "providing" for separate schools for white and colored children, the same to be impartially maintained.

Chapter 219, Session Laws 1913, is almost an entire revision of the school laws of the state. Section 1, art. 15, of said chapter is as follows:

"The public schools of the state of Oklahoma shall be organized and maintained upon a complete plan of separation between the white and colored races, with impartial facilities for both races."

Section 8, same article and chapter, provides:

"In all counties where county separate schools for white and colored children are maintained, the county excise board shall annually levy a tax on all taxable property in their respective counties sufficient to maintain such separate schools, as hereinafter provided. Upon an estimate made by the county commissioners, said taxes shall be estimated, published, levied and collected, in the same manner as other taxes for county purposes, and in school districts where such separate schools are maintained,

no white child shall attend a colored school or colored child [shall] attend a white school."

By the provisions it is apparent that the Legislature imposed upon the counties where separate schools were necessary the burden of maintaining said school, and provided for a tax levy upon all the property of the county to support said separate schools..

Section 7732, Rev. Laws 1910, defines "common schools" as follows:

"The words 'common schools' shall be construed to mean all the schools of this state receiving aid from the state out of the common school fund."

Separate schools under the law do receive aid from the state out of common school fund (section 2, art. 9, c. 219, Session Laws 1913, and sections 7702 and 7694, Rev. Laws of the State of Oklahoma 1910), and would under the definition of "common schools" be a part of the common schools of the state. Our court, speaking through Justice Williams in case of Olson v. Logan County Bank, 29 Okla. 391, 118 Pac. 572, construing section 3, art. 13, Constitution, supra, says:

"The separate schools required to be maintained by section 3, art. 13, are a part of the system of free public schools provided for in section 1 thereof."

It therefore appears to be settled both by statute and construction that "separate schools" are a part of the "common schools" or the system of free public schools of the state.

**This brings** us to the question as to what limitation is placed on the county or the county excise board in making an estimate and levy for county purposes including a levy for the support of separate schools.

Section 9, art. 10, of the Constitution provides:

"Except as herein otherwise provided, the total taxes, on ad valorem basis, for all purposes, state, county, township, city or town, and school district taxes, shall not exceed in any one year thirty-one and one-half mills on the dollar, to be divided as follows: * * * County levy, not more than eight mills: provided, that any county may levy not exceeding two mills additional for county high school and aid to the common schools of the county, not over one mill of which shall be for such high school, and the aid to said common schools shall be apportioned as provided by law."

In conformity with the foregoing constitutional provisions, the Legislature by act approved May 15, 1913 (Laws 1913, c. 195, amending section 7376, Rev. Laws of Oklahoma 1910), limited the rights of counties in levying taxes for county purposes, as follows:

"Section 7376. In all counties, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following: County levy not more than four mills, provided that any county may levy not exceeding one mill additional in aid of the common schools of the county; and provided that where the assessed valuation of any county is less than $4,000,000, the county levy shall not exceed six mills for current expenses, and one (1) mill in aid of the common schools of the county; and provided further, that where the assessed valuation of any county is less than $10,000,000, and not less than $4,000,000, the county levy shall not exceed five mills for current expenses and one mill additional in aid of the common schools of the county; city levy not more than six mills, incorporated town levy not more than four mills; township levy not more than one and one-half mills; school district for the support of the common schools, not more than five mills; provided, that the words 'current expenses' as used in this section shall not include an annual sinking fund to pay the bonded indebtedness of such county, city, town, township or school district at its maturity, or the interest falling due on its outstanding bonded indebtedness, or any judgment against such county, city, town, township or school district."

It therefore appears under the constitutional provisions creating separate schools and imposing the obligation upon the Legislature of the state to provide for their maintenance and the statutory provisions enacted in conformity with the constitutional provisions above referred to committing this charge to the counties where separate schools are necessary with full and complete authority to make such tax levies as might be necessary to support said schools, same to be estimated, published, levied, and collected in the same manner as other taxes for county purposes; that this power to levy taxes in support of separate schools would be limited only by section 7376, Rev. Laws of the state of Oklahoma 1910 as amended; and that this limitation does not preclude the excise board of counties, with the assessed valuation of $10,000,000 or more from levying taxes for all purposes, including levy for the support of separate schools of four mills, and when necessary one mill additional in the aid of common school. This last additional mill being authorized in the aid of common schools, and separate schools being a part of the common schools, this one additional mill might be used in whole or part in support of separate schools. In other words, it is our opinion in the instant case that the county authorities had a right to make a levy for county purposes, which included a

levy to support separate schools, of five mills; that is, they could add to the authorized levy of four mills, one additional mill or any part thereof in the aid of common could under the circumstances be levied, we schools or separate schools. The levy complained of being less than the amount that could under the circumstances be levied, we find no error in the action of the trial court in sustaining the demurrer of defendant to plaintiff's petition.

The case is therefore affirmed.

By the Court: It is so ordered.