### SCHAFF, Rec., v. REA, Co. Treas.

No. 15001—Opinion Filed Sept. 30, 1924.

**1. Constitutional Law—Grants and Limitations—Tax Limits.**

Section 9, art. 10, of the Constitution of Oklahoma provides: Except as herein otherwise provided the total taxes on an ad' valorem basis, for all purposes, state, county, township, city, or town, and school district taxes, shall not exceed in any one year, thirty-one and one half mills on the dollar to be divided as as follows: State levy not more than three and one-half mills; county levy not more than eight mills; Provided: That any county may levy not exceeding two mills additional for county high school and to the common schools of said county, not over one mill of which shall be for such high school and the aid to said common school shall be apportioned as provided by law." Held, section 9 is a limitation, and not a grant of power, the limitation applying not only to the Legislature, but also to the counties, townships, cities or towns, and school district. Thompson et al. v. Rearick, 33 Okla. 283, 124 Pac. 951.

**2. Taxation—Statutory Provisions:**

Section 1, ch. 262, Session Laws 1917, p. 478, amending section 7376, Rev. Laws Okla. 1910, approved March 10, 1917, Provides: "In all counties, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following: County levy not more than four mills, provided that any county may levy not exceeding one mill additional in aid of the common schools."

Section 5-A, ch. 226, Session Laws 1917, approved March 21, 1917, contains the following provision: "Provided: That the combined appropriations for common and separate schools shall not aggregate an amount greater than the equivalent of a one mill levy on the assessed valuation of the year."

**3. Statutes—Laws of Same Date and Subject-matter Construed Together.**

Acts passed on the same day, or at the same session, relating to the same subject are to be construed together, the presumption being they are all intended to operate, and may not be revoked or altered by con-

struction, when the words may have their proper operation without it.

### 4. Schools and School Districts—Taxation—Statutory Limitations.

Chapter 226, 262, Sess. Laws 1917, limited the amount to be levied in counties for common school and separate school purposes to one mill on the dollar of the assessed valuation, and a levy of 1.456 mills for aid of common schools under the Laws of 1917 was unauthorized and void as to the excess over and above the one mill limitation provided in chapter 226, thereof.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Charles E. Schaff, receiver of the Missouri, K. & T. Railroad Company, against O. L. Rea, County Treasurer. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

M. D. Green and H. L. Smith, for plaintiff in error.

Walter G. Wilson, Co. Atty., for defendant in error.

Opinion by RUTH, C. Originally two actions were filed in the district court of Lincoln county by the plaintiff in error against the defendant in error. The petition in each case contained two counts, and as the legal question involved in the first count contained in the petitions had been determined by this court in another action, judgment was entered for the plaintiff, and the causes were consolidated by the court, and this cause comes on to be reviewed upon the second count of the petitions.

Plaintiff alleges in his second cause of action that the tax levy of Lincoln County, included in said fund for separate schools and common schools estimated by the excise board was 1.832 mills; that such levy of 1.832 mills is, to the extent of .832 mills, in excess of the maximum mill ad valorem tax levy authorized by law to be made by and for counties for separate schools and common schools; that it paid the excess tax under protest, and gave written notice to defendant showing the grounds of his complaint, and advising him that suit would be brought for the recovery of the taxes so paid under protest, and prays judgment.

Defendant answered by general denial on April 16, 1923, and on July 25, 1923, defendant filed its motion for judgment on the pleadings, "for reason that under the allegations contained in the plaintiff's petition, said plaintiff is not entitled to the relief prayed for therein."

On July 28, 1923, a stipulation of facts was filed signed by counsel for both parties, wherein it was stipulated "that the total county levy for the year 1920, the tax year herein involved, was 8.6 mills, and that the total amount levied for aid of the common schools and separate schools was 1.456 mills."

The court sustained the motion of defendant for judgment on the pleadings and found "that the levy and assessment complained of was legal, and the plaintiff was not entitled to recover. Motion for a new trial was overruled, and the cause is brought to this court for review.

The plaintiff assigns as error: (1) The trial court erred in finding the taxes in controversy were legal and valid. (2) The trial court erred in rendering judgment for defendant and against plaintiff. (3) The trial court erred in overruling plaintiff's motion for new trial.

Defendant admits the only question to be determined in this case is, "what is the limitation of the levy that may be made by the excise board of the county for separate and common school purposes?" Section 9 of art. 10, Constitution of Oklahoma, provides:

"Except as herein otherwise provided, the total taxes on an ad valorem basis for all purposes, state, county, township, city or town and school district taxes, shall not exceed in any one year thirty-one and one-half mills on the dollar, to be divided as follows: State levy, not more than three and one-half mills, county levy not more than eight mills; Provided: That any county may levy not exceeding two mills additional for county high school and aid to the common schools of the said county, not over one mill of which shall be for such high school, and the aid to said common schools shall be apportioned as provided by law."

Defendant apparently assumes the position that this section of the Constitution grants to the counties the power to levy a tax not exceeding two mills for high school and common school purposes, but this is no longer an open question in this state. This court, in construing the section referred to, in Thompson et al. v. Rearick, 33 Okla. 283, 124 Pac. 951, held section 9, art. 10, Constitution. is a limitation, and not a grant of power; the limitation applying, not alone to the Legislature, but also to the counties, township, cities, or towns and school districts, citing Brooks v. Schultz, 178 Mo. 222, 77 S. W. 861. It being therefore held that this is a limitation upon the powers of

the Legislature as well as the counties, and the section further providing that "the aid to said common schools shall be apportioned as provided by law," the power was reserved to the Legislature to designate what amount should be apportioned to the aid of the common schools, not to exceed two mills, and it is necessary to ascertain whether the Legislature ever exercised the power to designate the mill levy which should be made for the benefit of such schools.

Defendant asserts that the construction placed by this court in connection with section 9, art. 10 of the Constitution in connection with section 3, art. 13, Constitution, and the act of 1917 (sec. 5, ch. 226, Sess. Laws 1917), as amended by chapter 48, Sess. Laws 1921 (the act of 1921 prescribing a two-mills limitation instead of a one-mill, as provided in the act of 1917), authorizes the additional levy in excess of one mill, and cites Chicago, R. I. & P. R. Co. v. Lane, 69 Okla. 145, 170 Pac. 502; Board of Ed. of City of Guthrie v. Excise Board of Logan County, 86 Okla. 24, 206 Pac. 517.

The act of 1921, chapter 48, sec. 1, Sess. Laws 1921, contains the following provisions:

"Provided, however, that the appropriation for aid to the common schools, including separate schools, if any, and for aid to the county high school, if any, shall not aggregate an amount greater than the equivalent of a levy of two mills on the assessed valuation of the county for the year."

The excess tax complained of in the case at bar was levied, and this cause of action arose long prior to the passage and approval of the act of 1921, and an examination thereof discloses no intention upon the part of the Legislature that the same shall have any retroactive effect, and generally a statute will be construed as applying to conditions that may arise in the future, and an act will not be given a retrospective operation unless the intention of the Legislature that it shall so operate is unequivocally expressed. Adair v. McFarlin, 28 Okla. 633, 115 Pac. 787; American National Insurance Co. v. Donahue, 54 Okla. 294, 153 Pac. 819. And in every case of doubt, the doubt must be resolved against the retrospective effect. Good v. Keen, 29 Okla. 325, 116 Pac. 777. Board of Ed., City of Guthrie v. Excise Board of Logan County, supra, was an action filed in the district court of Logan county on September 15th, 1921, seeking a writ of mandamus to compel the excise board of Logan county to make sufficient appropriation and levy to enable the board of education of the city of Guthrie to maintain separate schools in the city of Guthrie, with accommodations and facilities equal to those

furnished in the white schools of said district, and the act of 1921, supra, being then in full force and effect, this court held that under section 9, art. 10 of the Constitution, and chapter 48, Sess. Laws 1921, the county excise board in counties where separate schools are maintained may make a levy for the maintainance of separate schools within the limitation of 8 mills, and if such levy be insufficient for the maintenance of said schools under the proviso to section 9, art. 10, of the Constitution, and section 1, ch. 48, Sess. Laws 1921, an additional levy of 2 mills may be made in aid of the common schools, including separate schools, and it is the duty of the excise board to make adequate levy for the separate schools within these limitations. Chicago R. I. & P. Ry. Co. v. Lane, supra, arose under the act of 1913, chapter 195, Sess. Laws 1913, sec. 1 which provided that the total levy for "current expenses" should not exceed a certain millage governed by the assessed valuation of such county, and provided "that any county may levy not exceeding one mill additional in aid of common schools of the county" and this court said: "It is our opinion in the instant case that the county authorities had a right to make a levy for county purposes, which included a levy to support separate schools, of five mills; that is, they could add to the authorized levy of four mills, one additional mill or any part thereof, in aid of common or separate schools."

The act of 1917, (chapter 262, Sess. Laws 1917) amending section 1, ch. 195, Sess. Laws 1913, provided for a graduated millage levy according to the assessed valuation, and further provided that "any county may levy not exceeding one mill additional in aid of common schools of the county."

This act was approved on March 10, 1917. At the same session of the Legislature there was passed an act amending section 7379, Rev. Laws of Oklahoma 1910, and this act (chapter 226, Sess. Laws 1917), was approved March 21, 1917, and contained in section 5 A, the express provision, "that the combined appropriations for common and separate schools shall not aggregate an amount greater than the equivalent of a one-mill levy on the assessed valuation of the year." By this act the Legislature exercised the power of prescribing the amount of the levy for common and separate school purposes within the constitutional limitation, and it was the express intention of the Legislature that the levy should not exceed one mill, and in construing chapters 226 and 262, Sess. Laws 1917, they are to be construed together, the presumption being that they are intended to operate, and not be

altered by construction, when the words may have their proper operation without it." Trapp v. Wells, Fargo Express Co., 22 Okla. 377, 97 Pac. 1003; Ratliff v .Fleener, 43 Okla. 652, 143 Pac. 1051; Bennett v. State ex rel. Newer, 47 Okla. 503, 150 Pac. 198; State v. Prairie Oil & Gas Co., 64 Okla. 267, 167 Pac. 756; Parwal Investment Co. v. State, 71 Okla. 121, 175 Pac. 514.

Under the express provision of the act of 1917, limiting the levy for common and separate school purposes to one mill, and the stipulation or agreed statement of facts filed in the case at bar, that the "total amount levied for aid of the common schools and separate schools was 1.456 mills," the levy so made was illegal and without authority of law as to the excess 0.456 mills and the court below erred in finding that the taxes so levied were legal and valid and in rendering judgment for the defendant and against the plaintiff. For the reasons herein stated the judgment of the court below should be reversed, with instructions to the court below to vacate the judgment so rendered, and to enter judgment for the plaintiff for the excess taxes levied and paid by plaintiff.

By the Court: It is so ordered.