WATERS AND WATER RIGHTS
A Port Authority created under the authority of 82 O.S. 110 [82-110] et seq. (1971). id empowered with the discretion to borrow through either notes or other evidence of indebtedness pursuant to 82 O.S. 1106 [82-1106](b) (1971) or through the issuance of revenue bonds pursuant to 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] (1971). The use of revenue derived from the issuance of bonds is restricted to those purposes specified in 82 O.S. 1121 [82-1121]. Negotiated loans under 82 O.S. 1106 [82-1106](b) are not subject to the stipulations and restrictions prescribed by 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] [82-1137] and are unlimited as to Port Authority related purposes. The Attorney General has received your opinion request wherein you ask the following questions: (1) Does the Port Authority have discretion to secure borrowings through (i) the negotiated placement of notes and other evidence of indebtedness under 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] (1971), and 82 O.S. 1106 [82-1106](b), 'as may be required' and (ii) the competitive offering of negotiable (revenue) bonds under 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] (1971), for those purposes set forth in 82 O.S. 1121? " (2) If the Port Authority has discretion to so elect are negotiated borrowings under 82 O.S. 1106 [82-1106](b) subject to the various stipulations of the 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] series, and in particular those respecting interest rate limitation, examination and certification by the Attorney General, and competitive public offering as provided in 82 O.S. 1122 [82-1122] (as amended by the 1970 session laws, Chapter 236), 82 O.S. 1130 [82-1130] and 82 O.S. 1133 [82-1133], respectively? " (3) If the Port Authority has discretion to so elect are negotiated borrowings under 82 O.S. 1106 [82-1106](b) unlimited as to Port Authority-related purposes or restricted to other than those purposes specified in 82 O.S. 1121? Senate Bill 333, approved June 19, 1963, amended Title 82 O.S. 1106 [82-1106] with the addition of subsection (b) which provides in part as follows: "A port authority established by 82 O.S. 1102 [82-1102] shall have full power and authority to: (b) borrow money from either public or private financial institutions, sources or any agency of the State of Oklahoma or of the United States of America, and to issue therefor such notes or other evidence of indebtedness as may be required and to mortgage, pledge, or otherwise encumber the assets of the authority as security therefor; . . . ." Laws 1963, c.305, Section 3. On the same day, House Bill 845 was approved, thereby enacting 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137], which authorized, inter alia, a port authority to issue revenue bonds for specified purposes. Laws 1963, c. 314,1. 82 O.S. 1121 [82-1121] provides: "For the purpose of paying all or any part of the cost of acquiring lands or interests therein, and the cost of constructing, acquiring, equipping, and furnishing buildings, structures, plants, docks, wharves, warehouses, piers and other port, terminal and transportation facilities, or any part thereof; including additions, improvements, relocations, renovations, extensions and modifications thereof, all of which as are included in a single project are hereafter referred to in this Act as 'facility or facilities'), a Port Authority created pursuant to 82 O.S. 1102 [82-1102] (1961), is authorized to borrow money upon credit of the income and revenues to be derived from the operation of such facilities, together with any other available income and revenues from other revenue-producing facilities of such Port Authority, and to issue negotiable bonds of such Port Authority in such amount as the Board of Directors of the Port Authority shall deem necessary for the purpose; and to provide for payment of such bonds and rights of holders thereof as herein provided." Several principles of statutory construction should be noted. First different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. Johnson v. Ward, Okla. 541 P.2d 182
(1975); In re Guardianship of Campbell, Okl. 450 P.2d 203
(1966). Courts should favor construing statutes in a compatible manner as long as it is reasonably possible to do so. Wade v. Brown, Okl. 516 P.2d 526 (1973). When two acts, or parts of acts, are susceptible of construction which will give effect to both without doing violence to either, this construction should be adopted in preference to construction which leads to conclusion that there is a conflict. AMF Tubescope Co. v. Hatchel, Okl. 547 P.2d 374
(1976). The second principle of statutory construction is that there is a presumption that the legislature does not intend to make any change in existing law, except as is expressly declared. State ex rel. Caldwell v. Oldfield,22 Okl. 863, 98 P. 925 (1908). Finally, in construing acts passed on the same day or at the same session of the Legislature relating to the same subject, the acts are to be construed together, the presumption being that they are all intended to operate when it is reasonable to so hold in light of the words used. Schaff v. Rea, 103 Okl. 62,229 P. 472 (1974). The Legislature, by enacting 1106(b) and 1121-1137, specifically authorized port authorities to borrow money via two methods: notes and other evidences of indebtedness, and the issuance of revenue bonds. Having enacted these statutes during the same session, it is presumed that had the Legislature intended one to be superior or controlling vis a vis the other, it would have been so provided. In the absence of any such expression, and in order to give effect to each, it is to be presumed that both provisions are distinct, alternative methods of borrowing money. 82 O.S. 11O6 [82-11O6](b) contains no language restricting the purposes for which money borrowed thereunder might be used similar to that prescribed in 82 O.S. 1121 [82-1121]. Consequently it must be presumed that the legislature intended no restrictions regarding the use of such money other than that it be reasonably related to the operation of the Authority. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: A Port Authority created under the authority of 82 O.S. 1101 [82-1101] et seq. (1971) is empowered with the discretion to borrow through either notes or other evidence of indebtedness pursuant to Title 82 O.S. 1106 [82-1106](b) (1971)) or through the issuance of revenue bonds pursuant to Title 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] (1971). The use of revenue derived from the issuance of bonds is restricted to those purposes specified in 82 O.S. 1121 [82-1121]. Negotiated loans under 82 O.S. 1106 [82-1106](b) are not subject to the stipulations and restrictions prescribed by 82 O.S. 1121 [82-1121] — 82 O.S. 1137 [82-1137] and are unlimited as to Port Authority related purposes. (WM. DON KISER)