LUSK *et al.* v. STARKEY, *County Treasurer.*

No. 8139.   Opinion Filed June 6, 1916.

(158 Pac. 918.)

1.   **FORMER DECISION FOLLOWED.** Case of **Lrsk et al., Receivers, etc., v. Eminhiser**, ante, p. 785, 158 Pac. 915, followed in so far as applicable.

2.   **HIGHWAYS — Taxation — Statutory Provisions — Curative Act.** Petition examined, and **held** to state facts sufficient to disclose the assessment and collection of .584 mills excess taxes upon the taxable property of the plaintiff for ordinary county purposes. **Held**, further, that this illegal levy was not cured by the passage of the validating act approved February 29, 1916, for the reason that this action had been commenced and the rights of the plaintiff were protected by the part of section 52, art. 5, Williams' Constitution, which provides: "* * * After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action or destroy any existing defense to such suit."

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*F. B. Swank, Assigned Judge.*

Action by James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company and another, against S. H. Starkey, County Treasurer of Jackson County. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with directions.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *C. E. Hall,* Co. Atty., for defendant in error.

KANE, C. J.  This was an action commenced by the plaintiffs in error, plaintiffs below, against the defendant

in error, defendant below, pursuant to section 7, article 1, chapter 107, Session Laws 1915, for the purpose of recovering certain taxes, paid under protest upon an alleged excessive levy of .834 mills, made by the county excise board of Jackson county for the purposes of said county, for the fiscal year ending June 30, 1916. The court below sustained a general demurrer to the petition of the plaintiffs, and it is to review this action of the trial court that this proceeding in error was commenced.

The specific grounds for recovery alleged in the petition are that the excise board made a levy against the taxable property of said plaintiffs for county purposes in excess of the levy for such purposes provided by section 7376, Rev. Laws Okla. 1910, without submitting the question of such increase to a vote of the qualified electors of the county.

This cause and No. 8138, *Lusk et al., Receivers of St. L. & S. F. R. Co. et al., v. Eminhiser, County Treasurer, Tillman County,* 53 Okla. 785, 158 Pac. 915, were argued together and are similar in a great many respects. Therefore the questions that are common to both cases, having been considered in the former opinion, will not be further noticed here.

It was held that, by the sections of the good roads law then under consideration, the local taxing authorities were authorized and directed to levy a township tax for the purpose of carrying into effect the provisions of chapter 173, Session Laws 1915, unaffected by the limitations placed upon the township levy by section 7376, Rev. Laws 1910. By parity of reasoning, it must be held that by section 2, art. 3, c. 173, the Legislature intended to effectuate the same purpose in relation to counties, leaving

it optional, however, with the excise board as to whether the tax should be levied. Section 3 reads:

"All counties in the state making a levy for any year of one-fourth of one mill tax upon all taxable property as provided in the preceding section, and having otherwise complied with the provisions of this act, as to submitting and having plans approved, shall be entitled to receive from the state highway construction fund all money in said fund to the credit of the county making the said levy. Application for aid from said state highway construction fund shall be made to the Department of Highways, and shall show that plans have been made and approved as provided herein, and the county levy to have been made by the county making the application and when approved by the Department of Highways, the Commissioner of Highways shall draw a voucher on the state depository, payable to the county treasurer, for such amount as may be therein to the credit of the county making such application, and it shall be the duty of the State Treasurer, as the officer in charge of such state depository to honor such voucher and to pay said amount mentioned in said voucher to said county; provided, that said funds shall be expended by the respective boards of county commissioners under the supervision of said Department of Highways."

The proviso to section 2, we think, renders it entirely clear that the Legislature did not intend that the taxes authorized by the Highway Act should be governed by the limitations contained in section 7376, *supra,* and no great stress is placed upon that question in this case. Counsel in this case rely principally upon the contention that, inasmuch as there is nothing in the title of the act which directly indicates that there is a provision in the body of the act which provides for increasing the maximum levy for current expenses of the county beyond the limitation provided by section 7376, *supra,* the proviso

must be held to be void as repugnant to section 57, art. 5, Williams' Constitution. What we have said on this question in the opinion just rendered in cause No. 8138 is also in the main applicable to the case at bar. The purpose of the proviso is not to repeal or set aside the limitations contained in section 7376, *supra,* in regard to the ordinary levies for county purposes, but to make it clear that such limitations do not apply to any tax levied in pursuance of the good roads law. In the case at bar, it appears quite clearly that the excise board exercised the option to make an additional levy of one-fourth of one mill for the construction and maintenance of county highways, pursuant to section 2 of article 3 of chapter 173, and to this extent the levy must be held to be valid. But there still would be an excess tax of .584 mills, the levy for which no authority can be found in the law. Counsel for defendant in error meets this situation by saying:

"But defendant also makes the contention that, conceding, for the sake of argument, that a part of the said county levy was irregular and illegal and defective, said defects and irregularities were cured and the tax levy validated by an act of the Legislature of 1916, entitled, 'An act validating certain *ad valorem* tax levies for the year 1914 and declaring an emergency,' being House Bill No. 44, and approved February 29, 1916. The act is as follows:

" 'Be it enacted by the people of the State of Oklahoma:

" 'Section 1. That all tax levies for the various counties and townships of the State of Oklahoma made in the year 1915, not in excess of the constitutional limits for county and township purposes, are hereby declared to be valid.

" 'Section 2. For the immediate preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.' "

This probably would constitute a complete answer if this cause had not been commenced before the passage of the curative act. In such circumstances, the rights of the plaintiffs seem to be protected by section 52, art. 5, Williams' Constitution, which provides:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

Counsel cite many authorities in support of their general contention, but none of them convinces us that the rule invoked is held to be applicable to the situation presented in jurisdictions having constitutional provisions similar to ours.

It may be said in passing that the local taxing officers should exercise great care, in making their levies, to distinguish the levies made pursuant to the good roads law from the ordinary levies for county and township purposes. The taxes authorized by the good roads law are levied for a specific purpose, and governed by the special limitations contained in the act. It is important, therefore, that pains should be taken to designate these levies in such a way as to make them clearly distinguishable from the ordinary levies which are governed by the limitations contained in section 7376, supra.

For the reasons stated, the judgment of the court below must be reversed and the cause remanded, with

directions to overrule the demurrer to the petition and proceed in accordance with the views herein expressed.

All the Justices concur.