### KIRK et al. v. LEEMAN.

No. 10478.    Feb. 7, 1933.

Hadwiger & Hadwiger and Roy C. Davis, for plaintiffs in error.

E. W. Snoddy, for defendant in error.

SWINDALL, J. Upon the issues joined in this case in the district court of Woods county, a trial was had to a jury resulting in a money judgment in favor of the defendant in error and against the plaintiffs in error. On December 24, 1928, motion for new trial was considered and overruled, notice of appeal given in open court to this court, and it was further ordered by the trial court that execution be stayed pending the filing of a supersedeas bond in double the amount of the judgment and conditioned as required by law. Thirty days was granted the plaintiffs in error to file said bond. Within the time fixed by the order of the district court a supersedeas bond was filed in the office of the court clerk of Woods county and the bond and surety were approved by the court

clerk. On June 19, 1929, petition in error with case-made attached was filed in this court. The case-made contains a copy of the supersedeas bond. On April 23, 1932, motion was filed to require plaintiffs in error to file an amended or new supersedeas bond. On November 21, 1932, an order was entered requiring an amended or new supersedeas bond in the sum of $3,500 to be approved by the court clerk of Woods county to be filed in said cause within fifteen days from November 19, 1932. On December 17th a motion to dismiss was filed by the defendant in error for failure of plaintiff in error to comply with the order. To this motion plaintiff in error filed a response stating that the bond has not been filed, but that the order of the court would be complied with shortly. No amended or new supersedeas bond has been given and the time allowed by order of this court has long since expired, and the defendant in error now moves the court to dismiss the appeal for that reason.

Under the facts as disclosed by the record, we think that the proper procedure in this class of cases was announced by this court in Venator, Court Clerk, v. Edwards, 126 Okla. 296, 259 P. 596, in which it said:

"If the defendant in error, or person for whose benefit a supersedeas bond is given, is dissatisfied with the bond for any reason, the appropriate practice is to move, in the court having jurisdiction of the cause, for an order that the bond be amended or a new bond be filed within a time designated by the court, and on default thereof, that the order of supersedeas be vacated and set aside."

It appearing that the order of the court that an amended or new supersedeas bond be filed has not been complied with, it is ordered that the order of supersedeas entered in Journal 25, pp. 203 and 204, district court of Woods county, Okla. be and the same is hereby vacated, and execution may issue in this action. The motion to dismiss the appeal is denied.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur.

McNEILL and BUSBY, JJ., absent.