## INTER-OCEAN OIL CO. et al. v. MARHSALL.

No. 21169.   Opinion Filed June 20, 1933.

Poe, Lundy & Morgan and H. R. Duncan, for plaintiffs in error.

E. M. Conner, for defendant in error.

PER CURIAM. On the 13th day of March, 1930, the petition in error and case-made was filed herein, and since that time all parties have briefed this cause on the merits. On July 3, 1932, a motion to require supersedeas bond was filed by the defendant in error, and on April 25, 1933, this court entered its order requiring the plaintiff to file a surety bond to be approved by the clerk of the trial court.

On June 1, 1933, motion to dismiss this appeal was filed based upon the failure of the plaintiff in error to comply with the order of the court made April 25, 1933.

A response to this motion has been filed in which it is stated that it is not required that a supersedeas bond be given in order to permit the Supreme Court to review the case on appeal.

In the Kirk v. Leeman Case, decided February 7, 1933, and reported in 163 Okla. 236, 18 P. (2d) 1088, Justice Swindall, speaking for the court, said:

"If the defendant in error, or person for whose benefit a supersedeas bond is given, is dissatisfied with the bond for any reason, the appropriate practice is to move, in the court having jurisdiction of the cause, for an order that the bond be amended or a new bond be filed within a time designated by the court, and on default thereof, that the order of supersedeas be vacated and set aside.

"Under the record in this case, the order of supersedeas entered in the district court of Woods county be and the same is hereby vacated and set aside."

It appears, therefore, that this action should not be dismissed, but the motion should be, and the same is hereby, denied. And it is the further order of this court that the order of supersedeas entered as shown in case-made at page 366, in the district court of Tulsa county, be, and the same is hereby, vacated and set aside, and execution may be issued by the trial court in this action.