## SAUTBINE v. C. I. T. CORPORATION.

No. 24143.    Sept. 25, 1934.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

84

PER CURIAM. On the 7th day of October, 1932, the plaintiff in error filed petition in error with case-made attached, and on May 11, 1934, the defendant in error filed a motion to require the plaintiff in error to strengthen the supersedeas bond.

On June 19th thereafter, this court entered its order requiring the plaintiff in error to furnish a new bond to be approved by the court clerk of Oklahoma county within 20 days from the date of that order. The time in which that order should have been obeyed expired, and thereafter, on the 20th day of July, 1934, defendant in error filed its motion to vacate the order of supersedeas in the cause.

This court in a number of decisions has held that where the Supreme Court has ordered the filing of a new bond, and that order is not complied with, the defendant in error may cause the order superseding the judgment to be vacated upon proper notice and motion. Kirk v. Leeman, 165 Okla. 261, 18 P. (2d) 1088; Grant v. Harris, 165 Okla. 86, 25 P. (2d) 56; Cherry v. Sharp, 164 Okla. 266, 23 P. (2d) 699.

It is therefore ordered that the order of the district court of Oklahoma county superseding the judgment of the plaintiff below be, and the same is hereby, vacated and set aside, and the plaintiff below is permitted to issue execution as if no bond had been executed.