## STATE ex rel. HORTON, County Atty., v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

No. 27104. Feb. 23, 1937.

Rehearing Denied March 23, 1937.

Leon J. York, D. P. Hervey, Guy L. Horton, and Walter Mathews, for plaintiff in error.

Harzfeld, Beach, Steeper & Gordon and Wilcox & Swank, for defendants in error.

WELCH, J. The trial court sustained a general demurrer to plaintiff's petition and rendered judgment for the defendants.

The question here is whether the petition states facts sufficient to constitute a cause of action against the defendants.

The petition contained allegations that heretofore the defendant, Wilson, appealed to this court from the judgment of the county court of Payne county in a tax ferret proceeding wherein it was ordered that certain of such defendants' personal property be assessed as omitted property; that such judgment of the county court was superseded by a $250 bond required by the trial court, and a $2,500 additional super-sedeas bond required by this court upon such appeal.

That upon such appeal that judgment of the county court was affirmed. Wilson v. State, 169 Okla. 149, 36 P. (2d) 292. Whereupon the property was spread upon the tax rolls and tax warrant issued and returned no property found, and that the taxing officials were unable to enforce the collection of such taxes for the reason that the taxpayer had removed all of his property from the state.

Plaintiff herein sought to recover the amount of taxes and penalty in the total sum of $2,661.68, with interest, due upon such tax assessment.

We quote certain portions of the judgment of the county court from which the former appeal was taken as follows:

"It is, therefore, considered, ordered, adjudged and decreed by the court that the said John W. Wilson, as trustee of the said Smith Engineering Company, a corporation, is liable for the taxes on 100,000 barrels of reduced crude oil of the value of $70,000 for the year 1930."

There followed appropriate directions to carry the judgment in effect and collect the amount of the taxes due on the omitted property.

The supersedeas bond required by the trial court contains the following provisions:

"The consideration of the foregoing obligation is such that, whereas, on the 30th day of April, 1931, judgment was rendered in favor of said obligee, plaintiff in said cause, and against John W. Wilson, trustee of Smith Engineering Company, a corporation, principal obligor, defendant in said cause, finding and adjudging that the said defendant on the 1st day of January, 1930, owned 100,000 barrels of reduced crude oil of the fair value of $70,000 and which was omitted from the tax rolls for said year; and further ordering and adjudging that the county treasurer place all said property on the tax rolls in the sum of $70,000 for the year 1930.

"Whereas, said defendant has taken an appeal from said judgment to the Supreme Court of the state of Oklahoma;

"Now, therefore, if said principal obligor herein shall pay to the said obligee the condemnation money and costs in case judgment or final order shall be adjudged against it or affirmed in whole or in part, then this obligation to be void, otherwise to remain in full force and effect."

The additional supersedeas bond furnished pursuant to requirement by this court provides in part as follows:

"The condition of the foregoing obligation

is such that, whereas, on the 20th day of April, 1931, judgment was rendered in favor of said obligee, plaintiff in said cause, and against John W. Wilson, trustee of Smith Engineering Company, a corporation, principal obligor, defendant in said cause, finding and adjudging that the said defendant on the 1st day of January, 1930, owned 100,000 barrels of reduced crude oil of the fair cash value of $70,000, and which was omitted from the tax rolls for said year; and further ordering and adjudging that the county treasurer place all of said property on the tax rolls in the sum of $70,000 for the year 1930; and

"Whereas, said defendant has taken an appeal from said judgment to the Supreme Court of the state of Oklahoma.

"Now, therefore, if said principal obligor herein shall do and perform all of the acts adjudged by the court in this case to be done and performed and pay the costs of this action in case judgment or final order shall be adjudged against it or affirmed, then this obligation to be void; otherwise, to remain in full force and effect."

Suggestion is made that the statutes of the state do not require the making of a supersedeas bond to stay the judgment in cases of this nature, and it seems to be urged that such a judgment of the county court may be superseded merely by appeal and without any supersedeas bond. No authority is cited sustaining that view, and we cannot agree with it. No judgment may be stayed in this state except as provided by statute or by some authorized order of court. Stay of execution of a judgment is authorized by statute as a matter of right in certain cases (section 543, O. S. 1931), and may be granted by the court in all other cases by virtue of section 548, O. S. 1931. See In re Epley, 10 Okla. 631, 64 P. 18; New Amsterdam Casualty Co. v. Scott, 106 Okla. 268, 234 P. 181.

The action of the county court in allowing supersedeas in the first instance finds authority in those sections and is supported by those decisions, and this court has long followed the practice of allowing or requiring amendments to supersedeas bond or additional supersedeas bond under the authority of section 251, O. S. 1931, as was done in this case. See Venator v. Edwards, 126 Okla. 296, 259 P. 596; Kirk v. Leeman, 165 Okla. 261, 18 P. (2d) 1088; Inter-Ocean Oil Co. v. Marshall, 164 Okla. 134, 23 P. (2d) 151.

Under section 12348, O. S. 1931, appeal from the county court to the Supreme Court in this character of cases is taken "as other appeals are taken," and we conclude that all statutory provisions in reference to appeals are applicable as in other cases, and that the general statutes as to supersedeas fully apply, since there is no specific provision or special rule applying to supersedeas in appeal from the county court in such a cause.

It is urged that the judgment rendered in the county court was not a money judgment, and strictly speaking, that may be correct, but the county court judgment definitely fixed the liability, and had it not been superseded, the result would have been that immediately the property would have been assessed upon the tax rolls and the correct amount of tax thereon would have been due and collectible by tax warrant issued and served "the same as upon execution." (Section 12730, O. S. 1931.) This execution of the judgment was effectively stayed by the supersedeas. No reason is shown why such a judgment could not be stayed by supersedeas bond, and if there is any authority against it, we are not favored with the citation.

With full knowledge of the effect and extent of that county court judgment, the taxpayer obtained the fixing of the amount of supersedeas by the county court and the present defendant, the Fidelity & Deposit Company, of Maryland, voluntarily joined him as surety and entered into this contract of indemnity or bond; the deliberate and intended purpose and effect thereof being to procure the stay, and thereafter when this court required the additional supersedeas bond in the sum of $2,500, this same defendant voluntarily entered into the other contract of indemnity or bond in that amount. It seems clear that these obligations are valid, or at least disclose on their face no invalidity, and by their very terms could not be discharged except by complying with the judgment which was superseded by these bonds.

In United States v. Hodson, 77 U. S. 395, 19 L. Ed. 937, the court considered a suit to recover the penalty of a bond. It appears that the exact conditions of the bond were not required by and were not in conformity with the statutes. A judgment of the trial court sustaining the defense to liability was reversed by the Supreme Court. That court in holding the bond valid and binding according to its terms said:

"But we prefer to place our judgment upon the broader ground marked out by the adjudications of this court, to which we have referred. Everyone is presumed to know the law. Ignorance standing alone can never be the basis of a legal right. If

440

a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint the constraint will destroy it. But where it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties' are estopped from availing themselves of such a defense. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors."

And this text statement occurs in 60 C. J. 1162:

"Although the condition of a bond does not conform to the statute, yet, if the bond was effectual to delay the collection of the execution, it has been held that the bond becomes absolute on the discharge of the supersedeas and may be prosecuted as an obligation at common law; and where the parties stay execution by illegal proceedings, neither the principal nor the surety will be allowed to avoid responsibility by reason of their illegal act."

The demurrer, of course, admits the truth of all allegations of the petition. The execution of the supersedeas bonds, the affirmance of the judgment, and the noncompliance therewith being sufficiently alleged to withstand the attack by general demurrer, the judgment is reversed and the cause remanded, with directions to overrule the defendant's demurrer to plaintiff's petition and allow time to answer, and proceed consistently with the views herein expressed.

OSBORN, C. J., and BUSBY, PHELPS, CORN, GIBSON, and HURST. JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.