## GIBSON OIL CO. et al. v. HAYES EQUIPMENT MFG. CO.

No. 25961.   Feb. 23, 1937.

Rehearing Denied April 20, 1937.

Creekmore. Wallace and Don Anderson, for plaintiffs in error.

Samuel A. Boorstin and Robt. J. Woolsey, for defendant in error.

WELCH, J. The parties will be referred to as they appeared in the trial court, where the Hayes Equipment Manufacturing Company, a corporation, as plaintiff, sued the Gibson Oil Company et al. to recover on a supersedeas bond. That bond was given in a replevin action. The plaintiff had recovered judgment against one of the defendants in a replevin action for the recovery of certain pumps or their value in the sum of $900. The supersedeas bond here involved was given to supersede that judgment pending appeal to this court, where the judgment was affirmed (Gibson Oil Co. v. Hayes Equipment Mfg. Co., 163 Okla. 134, 21 P. (2d) 17), and the present action followed.

While the judgment in the replevin action was in the alternative for the return of property or its value in the sum of $900, the defendant kept the property, and elected in his supersedeas bond to treat that judgment as a money judgment for $900. In the face of the bond it is stated:

"The condition of the foregoing obligation is such that whereas, on the 26th day of January, 1929, judgment was rendered in favor of said obligee, plaintiff in said cause, and against the Gibson Oil Company, a corporation, the principal obligor, defendant in said cause, for the sum of $900 and costs.

"Whereas, said defendant, the Gibson Oil Company, a corporation, has taken an appeal from said judgment to the Supreme Court of Oklahoma.

"Now, therefore, if the said principal obligor herein shall pay to the said obligee said

judgment and costs in case the judgment or final order shall be adjudged against them or affirmed in whole or in part, then this obligation shall be void; otherwise, to remain in full force and effect."

This form of supersedeas bond was not objected to by the plaintiff, and thus the judgment was effectively stayed during the period of the appeal upon the supersedeas bond treating the judgment as a money judgment for $900, and obligating the sureties to pay it upon affirmance.

The defendants had continued to use the pumps pending the former appeal to this court, and upon trial of this action defended upon the theory of a right to return the pumps in their then condition as a discharge of the liability on the supersedeas bond. The trial court held against that contention, construed the bond to create an obligation to pay the money judgment, and rendered judgment for the plaintiff.

That conclusion seems correct. Although the defendant had the right to turn over the property upon rendition of the former alternative judgment, and although the defendant may have had the right to make a supersedeas bond providing for compliance with the alternative judgment for the return of the property or payment of its value $900, the defendant did not do so, but, on the other hand, superseded with a bond treating and specifically stating the judgment as a money judgment for $900, and providing definitely for its payment upon affirmance. There has been no reformation of that bond and no reason is shown why it should not stand as an obligation, binding according to its terms.

In Williams v. Edwards, 163 Okla. 246, 22 P. (2d) 1026, this court held in the second paragraph of the syllabus:

"The principal and sureties on an appeal or supersedeas bond are bound by the recital of facts in the bond, and where the bond recites that a money judgment for a certain amount, stating the amount, was rendered in the action and the bond is conditioned to supersede such judgment as a money judgment for that amount, the obligors on such bond are estopped to deny the existence or amount of such judgment even though the recital therein incorrectly describes the judgment. Provided, however, that the obligees on such bond are limited in their recovery on the bond to the amount which they would have been able to recover had the recital been correct and the conditions of the bond stated in proper terms."

We regard that rule as applicable here, and observe that it is not specifically shown wherein the amount of the judgment rendered on the bond is in excess of the amount plaintiff was actually entitled to recover thereon.

In Richardson v. Penny, 10 Okla. 32, 61 P. 584, it was held in the second paragraph of the syllabus:

"The obligors upon an appeal or supersedeas bond are bound by the recitals in the bond, and where the bond recites that a certain action was pending in district court between certain parties, and that a judgment was rendered in said cause, the obligors in such bond, in a suit thereon, are estopped from saying no such suit was pending or that no valid judgment was rendered therein."

In Burnham v. Edwards, 125 Okla. 272, 273, 257 P. 788, 790, this court, considering a supersedeas bond, said in the body of the opinion:

"The obligor in a bond cannot contradict the recital of a particular fact recited in the instrument, such as the existence of a judgment." (Citing authorities.)

In United States v. Hodson, 77 U. S. 334, 19 L. Ed. 937, the court considered a suit to recover the penalty of a bond. It appears that the exact conditions of the bond were not required by and were not in conformity with the statutes. A judgment of the trial court sustaining the defense to liability was reversed by the Supreme Court. That court, in holding the bond valid and binding according to its terms, said:

"But we prefer to place our judgment upon the broader ground marked out by the adjudications of this court, to which we have referred. Everyone is presumed to know the law. Ignorance standing alone can never be the basis of a legal right. If a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint, the constraint will destroy it. But where it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors."

This broad rule is stated in 2 R. C. L. 317:

"And a bond apparently given for the purpose of supporting an appeal or writ of error or of obtaining a stay of execution during the prosecution of either, however much it may depart from the mandate of the statute or fail to give the respondent or appellee the security contemplated by the statute, is nevertheless, when he accepts it, a good common-

law obligation and enforceable against the sureties according to its terms."

And this text statement occurs in 60 C. J. 1162:

"Although the condition of a bond does not conform to the statute, yet, if the bond was effectual to delay the collection of the execution, it has been held that the bond becomes absolute on the discharge of the supersedeas and may be prosecuted as an obligation at common law; and where the parties stay execution by illegal proceedings, neither the principal nor the surety will be allowed to avoid responsibility by reason of their illegal act."

We conclude that this supersedeas bond was voluntarily executed, treating the judgment as a money judgment; that the deliberate and intended purpose thereof was to obtain the stay of execution of the judgment, upon condition that it be paid in the sum of $900 upon affirmance; and that by reason of the facts here and authorities cited, the obligation of the bond should be enforced according to its terms.

That is the effect of the judgment rendered in the trial court, and the same is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.