FIDELITY & DEPOSIT CO. OF MARYLAND v. STATE ex rel. HORTON, County Atty.

No. 28724.    May 2, 1939.

Rehearing Denied June 13, 1939.

Wilcox & Swank, for plaintiff in error.

Leon J. York, Co. Atty. of Payne County, D. P. Hervey, Asst. Co. Atty. of Payne County, and Guy L. Horton and Walter Mathews, for defendant in error.

CORN, J.    This is an appeal from a judgment of the district court of Payne county in an action by the state, on relation of the county attorney, against the Fidelity & Deposit Company of Maryland, a corporation, and John W. Wilson, as trustee for the Smith Engineering Company. Hereafter we shall refer to the parties as in the trial court.

The third amended petition, upon which the case was tried, alleged the following

facts: September 24, 1930, a tax ferret reported that Wilson, as trustee, had possession of personal property, 100,000 barrels of crude oil, which had not been listed, assessed, or extended on the tax rolls. Defendant was notified; and at a hearing before the county treasurer it was decided said trustee was liable for taxes on this property. Defendant appealed to the county court, where, April 30, 1931, final judgment was rendered adjudging defendant liable for the taxes.

Defendant Wilson perfected appeal to this court and in compliance with an order of the court filed supersedeas bond in the amount of $250. Thereafter, upon order of this court, defendant filed an additional bond of $2,500. Subsequent to this, defendants moved said property out of the state. This court thereafter affirmed the judgmenc of the county court (Wilson, Trustee, v. State, 169 Okla. 149, 36 P.2d 292) and ordered the property assessed and extended upon the tax rolls. The county treasurer then issued a tax warrant which was returned "nothing found."

Plaintiff alleged the supersedeas bonds were given for express purpose of guaranteeing payment of these taxes, and the conditions of the bonds had been broken in that the defendants had refused to pay, and had removed all property from the state, and therefore asked judgment on said bonds for the amount of such taxes, penalties, and interest. Plaintiff further alleged loss of the amount of taxes, interest, and penalties by reason of the property having been removed from the state, and that same would have been collectible, had the defendant bonding company not assisted in superseding the judgment of the county court by posting these bonds.

Defendant filed a general demurrer to this third amended petition, which was sustained by the trial court. Plaintiff stood upon the petition and appealed to this court. Said judgment of the trial court was reversed by this court in State ex rel. Horton v. Fidelity & Deposit Company of Maryland, 179 Okla. 437, 66 P.2d 85, wherein this court held the petition did state a cause of action, and remanded the cause.

Thereafter the defendant answered, setting up that this property had been removed from the state prior to the time the county court had rendered the judgment which defendants had appealed and for which these supersedeas bonds had been executed.

Plaintiff's general demurrer thereto was sustained. When defendant refused to plead further, the trial court rendered judgment for the full amount sued for. The foregoing is a substantial statement of the facts out of which this controversy arose, disregarding a procedural question arising after rendition of judgment, which it will not be necessary to consider herein.

The defendant's assignments of error are submitted under two propositions, the first of which is the contention the state was deprived of no rights by reason of giving the supersedeas bonds and that, therefore, such supersedeas bonds are liable only for the costs.

To sustain this contention the defendant urges that the question could have been as effectively appealed to this court without the giving of bond, in view of the fact, as defendant claims was shown by the evidence, that a tax warrant would have been issued and returned "nothing found," because all property had been removed from the state prior to the times these bonds were given. Hence, defendant urges it is conclusive the state lost no rights by reason of the giving of the bonds, inasmuch as the tax warrant would have been ineffective, since there could have been no further proceedings, the property then being beyond the jurisdiction of the state and the courts.

It should be noted herein this same argument was made in the last appeal before this court, and the ruling of this court entirely failed to give force to any such contention. The opinion in State v. Fidelity & Deposit Co., supra, first denied the argument advanced by defendant that the statutes do not require execution of a supersedeas to stay judgment in cases of this nature, or that judgment of the county court could be superseded merely by appeal, and expressly stated, "No judgment may be stayed in this state except as provided by statute or by some authorized order of court."

At page 439 of the above-cited case, this court said:

"It is urged that the judgment rendered in the county court was not a money judgment, and strictly speaking, that may be correct, but the county court judgment definitely fixed the liability, and had it not been superseded, the result would have been that immediately the property would have been assessed upon the tax rolls and the correct amount of tax thereon would have been due and collectible by tax warrant issued and served the same as upon execution.' (Section 12730, O. S. 1931.) This execution of the judgment was effectively stayed by the supersedeas. No rea-

son is shown why such a judgment could be stayed by supersedeas bond, and if there is any authority against it, we are not favored with the citation.

"With full knowledge of the effect and extent of that county court judgment, the taxpayer obtained the fixing of the amount of supersedeas by the county court and the present defendant, the Fidelity & Deposit Company, of Maryland, voluntarily, joined him as surety and entered into this contract of indemnity or bond; the deliberate and intended purpose and effect thereof being to procure the stay, and thereafter when this court required the additional supersedeas bond in the sum of $2,500, this same defendant voluntarily entered into the other contract of indemnity or bond in that amount. It seems clear that these obligations are valid, or at least disclose on their face no invalidity, and by their very terms could not be discharged except by complying with the judgment which was superseded by these bonds."

We deem this conclusive as to the argument advanced by defendant in urging reversal of this judgment, and for this reason do not find it necessary to discuss this issue further.

The second contention advanced by defendant is that the act of the Legislature of 1936, Laws, 1936, Extraordinary Session, ch. 66, art. 2, 62 Okla. St. Ann. § 351 note remitting penalties, applies in this case the same as to penalties on all other property. In support of this, defendant cites cases holding penalties to be in the nature of a fine or forfeiture, and that the Legislature has the right to remit them, and such action on the part of the Legislature violates no constitutional provisions.

As an abstract statement of the law this argument is undoubtedly true. However, in view of added circumstances in the case at bar, this argument is unsound. Certain striking features must be considered here. First, this action was pending to collect these taxes and penalties, but these had been merged into the bonds which are the subject of the action and which have heretofore been determined by this court to be valid contractual obligations, to be discharged only when the terms were complied with.

In the second place, the liability which this defendant now seeks to escape had become fixed and absolute prior to the enactment relied upon as permitted remittal of these penalties.

Section 52, art. 5, of our Constitution provides:

"The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

This section of our Constitution has been construed times too numerous to mention, and the decisions from this court are uniform in holding to the effect that rights which have once accrued cannot be affected by subsequent legislative enactment by reason of the section of our Constitution above quoted.

In Lusk v. Starkey, 53 Okla. 794, 158 P. 918, suit was brought to recover taxes illegally paid under protest. Pending suit the Legislature passed a law validating this tax. In this case the court held such act validating this tax could not affect the pending suit, the right of action being preserved by said section of the Constitution where suit had been commenced before passage of the validating act relied upon.

This question was once again passed upon in Atchison, T. & S. F. Ry. Co. v. Eldredge, 67 Okla. 110, 169 P. 1071. In this case the railroad company sought to recover taxes paid under protest. The board of county commissioners made an estimate of the salary fund, which was raised by the county excise board, and the railroad contended the excise board had no authority to increase the levy. The contention was made that any illegality in the action of the excise board was cured by chapter 38, p. 101, S. L. 1916, which undertook to validate levies for the year in question.

In passing upon this question the court said in the body of the opinion:

"* * * This probably would constitute a complete answer to defendant's contention, if plaintiff's action had not been commenced before the passage of the act relied upon; but, suit having been commenced before said act was passed, the rights of the plaintiff to the relief demanded could not be affected thereby because of section 52, article 5, Wms.' Ann. Const., which provides:

"'After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.'"

Paragraph 1 of the syllabus of Meriwether v. Board Com'rs of Comanche County, 150 Okla. 223, 1 P.2d 390, states:

"The Legislature may change the statute of limitations by extending or shortening the

period of limitation, provided a reasonable time be allowed in which to prosecute existing causes of action. **It may not, however, under section 52, art. 5, of the State Constitution, revive an action already barred, nor make the change applicable to actions then pending."**

For other cases from this court construing this same provision of our Constitution, see Reed v. Marr et al., 153 Okla. 87, 5 P.2d 135; Hawk, Trustee, v. Evatt et al., 161 Okla. 82, 17 P.2d 386; Smith v. Winston, 67 Okla. 133, 170 P. 503; and Dowler v. State ex rel. Prunty, 179 Okla. 532, 66 P.2d 1081, and cases therein cited.

In the case at bar defendant's obligation became final and absolute January 6, 1935, upon the filing in the lower court of the mandate from this court, affirming the county court's judgment in Wilson v. State, supra. This action was begun March 27, 1935, and the amended petition, upon which the case was tried, was filed December 24, 1935, all of which was prior to the legislative enactment of 1936.

By reason of the interpretation this court has placed upon section 52, article 5, of the Constitution, as revealed by consideration of the cited cases, we hold the Legislature could not remit the penalty, suit for which was pending at the time of the enactment in question. Having already determined these supersedeas bonds to be valid obligations, it is apparent there is no merit to the argument that the legislative enactment of 1936 can be held to apply here.

Judgment affirmed.

WELCH. V. C. J., and GIBSON, HURST, and DAVISON, JJ.. concur. BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., absent.