OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Inc., Plaintiff in Error,

v.

Malinda Verna BULLER, Defendant in Error.

No. 37634.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Pierce, Mock & Duncan, Oklahoma City, Frank Carter, Enid, for plaintiff in error.

Richard E. Romang, Enid, for defendant in error.

WILLIAMS, Justice.

This appeal involves a judgment in garnishment in favor of defendant in error, Malinda Verna Buller, hereinafter referred to as plaintiff, and against plaintiff in error, Oklahoma Farm Bureau Mutual Insurance Company, Inc., hereinafter referred to as garnishee. This proceeding is ancillary to a suit for personal injuries arising out of an automobile accident in which a judgment was awarded plaintiff in the amount of $10,000 against the defendant, Oliver Tuck.

Defendant's motion for new trial in the original action was overruled on March 16, 1956, and at such time defendant gave notice of appeal to this court. The trial court then ordered that execution be stayed pending the determination of such appeal, upon the defendant giving a good and sufficient bond as provided by law on or before April 15, 1956. On April 13, 1956, there was filed in the original cause, a supersedeas bond in the amount of $5,500 naming the defendant, Oliver Tuck, as principal obligor, and the American Surety Company of New York, as surety, which bond had been arranged for and provided by the Oklahoma Farm Bureau Mutual Insurance Company, Inc. Although such bond was filed in the cause, it was not approved by the clerk.

On April 17, 1956, plaintiff filed a motion in such cause alleging that such bond was not according to the order of the court and was contrary to law in that it was not for the whole amount of the judgment, costs and interest on appeal, and asking the court to order defendant to increase such appeal bond to a proper amount or require defendant to file a new bond in a proper amount and in default thereof that the order of supersedeas be vacated and set

aside. On May 25, 1956, upon hearing such motion, the trial court ordered as follows:

"That on or before June 1, 1956, defendant shall increase his supersedeas bond herein, either by amendment or the filing of a new bond, to an amount equal to the whole amount of said judgment, including costs and interest on the appeal, and on default thereof, the order of supersedeas herein is vacated and set aside as of the expiration of said time, and execution may then issue for the collection of the whole amount of said judgment including interest and costs."

Defendant did not amend such supersedeas bond so as to increase the amount thereof to the whole amount of the judgment including costs and interest on appeal, and did not file any new or additional such bond, and the stay of execution was therefore vacated as of June 1, 1956.

On June 4, 1956, plaintiff caused execution to issue for the collection of the full amount of said judgment, which said execution was returned two days later, unsatisfied and endorsed "No property found".

On July 9, 1956, plaintiff filed in the trial court in the original case an "Affidavit for Garnishment After Judgment, Execution Unsatisfied", and caused an order of garnishment to issue and be served upon the Oklahoma Farm Bureau Mutual Insurance Company, Inc., garnishee, requiring it to appear and answer as provided by 12 O.S. 1951 § 847.

At the garnishment hearing held on August 10, 1956, a stipulation was entered into between the parties with reference to the matters hereinabove set forth, and in addition it was stipulated that under the terms of an automobile liability insurance policy issued by garnishee to defendant, which policy was introduced in evidence, defendant was insured for his legal liability in the amount of $5,000 for one person, and that said policy was in force and effect on June 4, 1955, the date of the accident out of which the original lawsuit arose between plaintiff and defendant. The trial court found that under the terms of such policy, garnishee is obligated to pay the sum of $5,000 to the plaintiff, provided her judgment against defendant is affirmed on appeal, and ordered garnishee to pay such $5,000 to the Clerk of the Court and that such funds be held in the custody of said clerk to await the final disposition of the appeal in the original action, and a subsequent determination by the trial court as to what disposition should be made of such money, and garnishee has perfected this appeal from such order.

Garnishee admits that under the terms of the liability insurance policy issued to defendant, it is obligated to pay the sum of $5,000 to the plaintiff, provided her judgment against defendant is affirmed on appeal. Garnishee asserts, however, that this appeal is brought, and was made necessary, by virtue of the fact that plaintiff is seeking to collect twice from the garnishee, or attempting to require garnishee to pay double the amount of the coverage applicable to the judgment obtained by plaintiff, by the expedient of seeking to obtain judgment both on the supersedeas bond in the appeal from the judgment in the original action, above referred to, and also in this garnishment proceeding. Plaintiff admits that such is the case, and frankly asserts that it is her position that she is entitled to judgment on the supersedeas bond in the original action above referred to and also to the $5,000 represented by the judgment in this garnishment proceeding.

It should be noted here that on April 16, 1957, we promulgated an opinion affirming the judgment in the original action, and that such opinion has become final and mandate has been issued. Tuck v. Buller, Okl., 311 P.2d 212. Although plaintiff, in her brief filed in the appeal in the original action, requested judgment on the supersedeas bond above referred to, such request was not granted, and this court, in affirming plaintiff's judgment, did not render judgment on such supersedeas bond. This failure to render such judgment

was not, however, inadvertent. Plaintiff has filed in the appeal from the judgment in the original action, cause No. 37,434 herein, a motion requesting that the mandate therein be recalled and that another mandate issue granting plaintiff judgment on said supersedeas bond.

█ It is apparent that plaintiff has elected to proceed by execution and garnishment in aid thereof rather than relying upon the supersedeas bond in the appeal from the original judgment. Plaintiff herself objected to the sufficiency of the supersedeas bond immediately after the filing thereof, and procured an order vacating the order of supersedeas because of the insufficiency of such bond, and then procured issuance of execution for the full amount of the judgment, and thereafter instituted the present garnishment proceedings, all while the judgment in the original action was in the process of being appealed or was pending on appeal in this court. Obviously such supersedeas bond was not effectual to delay execution of such judgment pending the appeal, no benefit whatsoever accrued to defendant or garnishee by the filing of such bond and no detriment was suffered by plaintiff in reliance upon such bond. Under such circumstances the case does not fall within the rule announced in State ex rel. Horton v. Fidelity & Deposit Co. of Maryland, 179 Okl. 437, 66 P.2d 85, and Gibson Oil Co. v. Hayes Equipment Mfg. Co., 180 Okl. 37, 67 P.2d 8, wherein judgment was granted on a supersedeas bond where, although such bond was defective, no objection had been made thereto and the same had been effectual to stay the judgment appealed from pending the appeal. Accordingly such motion has been this day denied.

█ Since the only objection garnishee has raised to the judgment in the garnishment action is that affirmance thereof would enable plaintiff to effect a double recovery in the event plaintiff was also granted judgment on the supersedeas bond above referred to, and since judgment on such supersedeas bond has been denied and affirmance of the judgment in garnish-ment will not enable plaintiff to effect a double recovery against garnishee, it follows that the judgment of the trial court in garnishment should be and the same hereby is affirmed.