STATE MONIES — USE ON MAINTENANCE OF MUNICIPAL STREETS Monies received from the State for specific use for mail or school bus routes may be used to construct, improve, maintain or repair said routes in municipalities of less than five thousand (5,000) population. Other monies received from the State and by the County from ad valorem taxes may not be used to construct, improve, maintain, or repair streets in municipalities unless such street is a lane or continuation of the County Highway System. The Attorney General has had under consideration your request for an opinion wherein you ask in substance the following questions: 1. "May the County, from monies received from the State, maintain the mail and school bus routes within the corporate limits of an incorporated municipality with a population under 2,500?" 2. "May any part of the County tax money collected from ad valorem taxes be used for the repair of streets (mail or school routes or otherwise) inside the municipal limits of an incorporated town with a population under 2,500?" 3. "What effect does Title 11 O.S. 117.2 [11-117.2] have other than allowing the Commissioners to do the work if said work is paid for by the municipalities?" 4. "Must the rest of the statute necessarily be ineffectual since no funds are provided to activate the same?" To answer the first question, we must first see what monies the County receives from the State, and then determine what restrictions, if any, exist concerning the spending of the monies. Attorney General's Opinion No. 63-159, which Opinion you refer to in your letter, sets forth the sources of revenue from various sources that go to the Counties for highway purposes. Attorney General's Opinion No. 71-172, also itemizes the sources of these revenues. Enclosed is a copy of this second Opinion. There would be no purpose in itemizing again these sources in this opinion. The statutes involved all specify that these monies are to go to the County Highway Fund. The use of these funds are limited to use on the County highways and bridges and some are further limited to mail or school bus routes. The only other funds that go from the State to counties are for school purposes. Concerning the County Highway Funds that are not limited to mail or school bus routes, we must next determine if there are any restrictions to using these funds on the streets or roads and cities under 2,500 population. Referring again to Opinion No. 63-159, this Opinion held in its answer to the first question in that Opinion that the County Commissioners may not maintain the roads and streets within the corporate limits of the city or town except to the extent that such roads or streets constitute a continuation of the county highway system. This same Opinion held in its answer to the second question in that Opinion that the County Commissioners cannot lawfully use the funds appropriated to the counties to construct or maintain roads of a municipality. The County Commissioners may, however, by agreement with the governing board of the municipality, perform such services if the municipality appropriates its own funds for the purpose. In essence, this Opinion held that the only occasions a County could construct or maintain streets in a municipality is when: "(a) The street is a link or continuation of the county highway system; or "(b) When the county agreed with the municipality to construct or maintain the streets of the municipality at the expense of the municipality." (This is limited to municipalities under 2,500 population). The Attorney General concurs with Opinion No. 63-159, and goes on further to say that the State funds not limited to mail or school bus routes cannot be used for mail or school bus routes because to hold otherwise would allow circumvention of the legal restrictions on these funds. With reference to State monies sent to the counties for mail or school bus routes, these monies are clearly restricted for such uses. Referring again to Opinion No. 63-159, this Opinion held that the County Commissioners may use funds allotted under the Special Fuel Use Tax to surface and resurface roads designated as school bus routes and/or mail routes which lie within the limits of an incorporated town of less than 5,000 population. The Attorney General concurs with Opinion No. 63-159 in this regard also. Concerning the next question, there is authority for allocating monies from ad valorem tax levies to the County Highway Fund. Title 69 O.S. 1503 [69-1503] (197), states as follows: "(a) All moneys raised for use on the County highways in each county, or apportioned to each county for road purposes, from any source, including all funds and moneys derived by law, levy, taxation, or apportionment shall, unless otherwise provided by law, be placed in the County Treasury in a fund to be known as the County Highway Fund. . ." In addition, there are cases which have held that the counties may levy ad valorem taxes for the County Highway Fund provided the constitutional limitations on the tax levies are not violated. See Schaff v. Borum, 82 Okl. 284,200 P. 191, (1921); Turner v. Pitts, 162 Okl. 246, 19 P.2d 563, (1933). Assuming for the purposes of this opinion that revenues from ad valorem taxes may be apportioned to the County Highway Fund, we must then determine what restrictions exist, if any, on the use of these revenues for construction, repairing, maintaining, and surfacing streets within the municipalities under 2,500 population. There is no valid ground to permit use of County Highway Funds derived from one source (ad valorem taxes) to be used for municipal street construction, surfacing, repairing, or maintenance, when County Highway Funds from another source (special fuel taxes, gasoline taxes, etc.) are prohibited from being used in this manner. In other words, it would appear that the same restriction as set forth in Opinion No. 63-159, would apply to all County Highway Funds, regardless of the source, unless otherwise provided by law. This restriction would apply to all roads in the County highway system, whether mail or school bus routes, or otherwise. To hold otherwise would provide a loophole wherein the counties could allocate all the County Highway Funds to mail or school bus route use in order to circumvent the restriction. Of course, the exception to this prohibition would be where the streets in the municipality are links or continuations of the County highway system. Concerning your third and fourth inquiries, it would appear that unless the municipality can raise the necessary funds to pay for the improvements, construction, repair or maintenance of the streets by the County, then this particular statute (Title 11 O.S. 117.2 [11-117.2] (1970)) has no beneficial effect as far as the municipalities are concerned. It is, therefore, the opinion of the Attorney General that Opinion No. 63-159 be affirmed insofar as it relates to the questions in this opinion, and that your questions be answered as follows: With the exception of monies received from the State for specific use for mail or school bus routes, all other monies received from the State may not be used to construct, improve, maintain or repair streets in municipalities unless said street is a link or continuation of the County highway system. Concerning the monies received from the Special Fuel Use Tax, these funds may be used by the counties to surface or resurface school bus routes or mail routes that lie within the corporate limits of the incorporated municipality of less than 5,000 population. Concerning revenues received from ad valorem taxes, the same restrictions would apply with the further restriction that revenues raised in this manner and appropriated to the County Highway Fund could not be specifically allocated to school bus or mail routes in order to get around the other restrictions involved. With reference to Title 11 O.S. 117.2 [11-117.2] (1970), this statute would give no beneficial effect to the municipalities unless the municipalities raised the required appropriations to pay for the construction, and pertinent maintenance or repairs of streets involved. (Todd Markum)